861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Durant BERRY, Defendant-Appellant.
 No. 87-5583.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1988.
Decided Oct. 3, 1988.
 
 Gregory Bruce English, English & Smith on brief, for appellant.
 Kevin Drummond, Assistant United States Attorney (Henry E. Hudson, United States Attorney, William G. Otis, Assistant United States Attorney on brief) for appellee.
 Before WILKINSON, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Berry challenges the constitutionality of a sentence of life imprisonment imposed upon him for attempted aggravated sexual abuse by force in violation of 18 U.S.C.A. Sec. 2241(a) (West Supp.1988). He contends that life imprisonment for his offense is cruel and unusual punishment in violation of the eighth amendment and that it so lacks a rational basis that it violates his equal protection rights under the 14th amendment. Berry entered a plea of guilty to the offense. The only question he presents on appeal is the constitutionality of the punishment.
 
 I.
 
 2
 Berry was a prisoner in Lorton Reformatory, a penal institution owned by the United States and administered by the District of Columbia. On March 17, 1987, in a trailer occupied and used by the vocational school, Berry attacked a female vocational education instructor. He beat her. He choked her. He stabbed her with a knife-like instrument. He tore her underclothing in an attempt to rape her. The attack rendered the victim unconscious; whereupon Berry left her lying upon the trailer floor.
 
 
 3
 After he was indicted for several offenses, there was a plea agreement pursuant to which Berry entered a plea of guilty of attempted aggravated sexual abuse by force in violation of 18 U.S.C.A. Sec. 2241(a) (West Supp.1988). Pursuant to the plea agreement, the remaining charges were dismissed.
 
 
 4
 At the sentencing hearing, Berry admitted the essential facts as recited above. He did not state whether or not he thought the victim dead when he left her, but the judge and prosecutor thought the circumstances warranted the inference that Berry had left the victim as dead.
 
 II.
 
 5
 In 1986, Congress undertook to revise and modernize federal statutes dealing with rape. Instead of the statute proscribing attempted rape, among others, new Sec. 2241 proscribes aggravated sexual abuse. It proscribes attempts as well as completed acts and provides for life imprisonment as the maximum punishment under the statute. Earlier the maximum punishment for attempted rape had been 20 years in prison. Though Berry will be eligible for parole 10 years after commencing the service of his life sentence, the life sentence imposed upon him is more severe than the maximum of 20 years he might have received under the previous statute. The fact that the sentence is more severe than one which might have been imposed under the earlier statute is essentially the basis of Berry's contention on appeal.
 
 III.
 
 6
 When a sentence within the limits authorized by the relevant Congressional statute is imposed by a district judge, a claim that the judge's exercise of his discretion was cruel and unusual punishment within the prohibition of the eighth amendment would not result in a proportionality review in this court unless the sentence was one of death or life imprisonment without possibility of parole. United States v. Rhodes, 779 F.2d 1019, 1027-28 (4th Cir.1985), cert. denied, 476 U.S. 1182 (1986); United States v. Guglielmi, 819 F.2d 451, 457 (4th Cir.1987), cert. denied, 108 S.Ct. 731 (1988). If the claim here were that the trial court abused its discretion in the imposition of sentence in this particular case, we would not consider its proportionality. However, Berry's contention does not go to what the district court did. It goes to the statute itself. The claim here is that, to the extent the statute authorizes a sentence of more than 20 years for an offense that earlier would have been classified as "attempted rape," it violates the cruel and unusual punishment prohibition of the eighth amendment.
 
 
 7
 Unless the claim of cruel and unusual punishment is made when the sentence is one of death or life imprisonment without possibility of parole, the fact that the district court has exercised a discretion vested in it by a statute that is not facially in conflict with the eighth amendment is not ordinarily enough for invocation of an exception to the usual rule against appellate review of sentences. At least in such a case, a federal appellate court should not consider whether or not the sentence should have been for a smaller number of years.
 
 
 8
 The situation is quite different when the prisoner claims the statute itself violates the eighth amendment, that the sentence would never be warranted under any circumstances because of constitutional limitations upon Congressional power.
 
 
 9
 Thus, we are told, that, in an appropriate case, when legislative power is challenged under the eighth amendment, a federal court should conduct a proportionaltiy review. Solem v. Helm, 463 U.S. 277, 290 (1983). Solem not only teaches how such a review should be conducted but sets forth in some detail the sequential steps such a review should take.
 
 
 10
 Under Solem, however, the fact that the statute is challenged upon the eighth amendment ground does not invariably require the court to consider all of the detailed comparisons and contrasts appropriate in a full review for proportionality. Id. at 290 & n. 16. There is a threshold question. The court should first consider whether or not there is clear disproportionality between the crime and the punishment. Detailed proportionality review should be reserved for those cases in which there is some apparent misfit between the crime and the punishment.
 
 IV.
 
 11
 Berry's claim cannot survive threshold consideration. His was a vicious attack upon a woman attempting to provide rehabilitation services for prisoners in Lorton. Choked, stabbed and beaten, she might very well have lost her life. The fact that she survived is a highly relevant consideration, but it does not negate the fact that substantial punishment is appro-priate for Berry's vicious attack upon her.
 
 
 12
 A relatively long sentence of service in prison is appropriate for the particular offense, and an appellate court should not be called upon to consider whether a term of a few years more or less might have been more appropriate. It is enough that Berry's serious crime, inflicting substantial injury upon the female victim, warrants the imposition of a long prison sentence upon one already in prison for crimes committed earlier.
 
 
 13
 We do not engage in the detailed proportionality review called for in Solem, for the case is not one in which there is initial substantial disproportionality between the offense and the punishment.
 
 V.
 
 14
 Berry's 14th amendment claim of denial of equal protection is without merit. Berry was sentenced by a federal judge pursuant to a federal statute, and therefore could not have been the subject of a denial of equal protection by a state.
 
 
 15
 AFFIRMED.